IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROGER LAW, | ) | |
| | ) | Case Nos. CR-01-27-E-BLW |
| Petitioner, | ) | CV-04-197-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner's Amended Motion Pursuant to 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 75) to which

the Government has filed a Response (Docket No. 82).

Having reviewed the record, and otherwise being fully informed, the Court

enters the following Order.

## REVIEW OF § 2255 MOTION

### A.    Procedural Background and Summary of Claims and Issues

Petitioner ("Law") was convicted following a jury trial of two counts of

possession with intent to distribute methamphetamine, one count of possession of a

listed chemical with knowledge of its wrongful intended use, and one count of

possession with intent to distribute marijuana.  He was sentenced to life

imprisonment on the methamphetamine possession counts, 20 years on the possession of a listed chemical count, and 10 years on the possession of marijuana count. *Judgment* (Docket No. 58).  The life sentence was imposed pursuant to 21 U.S.C.  § 841(b)(1)(A) which mandates a life sentence for individuals convicted of an offense involving 50 grams or more of methamphetamine having two prior convictions for felony drug offenses.

Following appeal of the denial of his motion to suppress, denial of his motions for judgment of acquittal, and imposition of the life sentence, the Ninth Circuit affirmed the Judgment.  *See* Docket No. 63.  Following denial of his petition for a writ of certiorari, Law timely filed his § 2255 Motion alleging that his conviction was based on (1) evidence obtained pursuant to unconstitutional search and seizure; (2) evidence obtained pursuant to unlawful arrest; (3) failure of the prosecution to disclose favorable evidence; (4) insufficient evidence to support conviction for possession of 50 grams or more of methamphetamine with intent to distribute; (5) violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments; and (6) ineffective assistance of counsel.  *See § 2255 Motion* (Docket No. 64). Law thereafter filed an Amended § 2255 Motion to include three additional claims: (7) denial of equal access to witnesses; (8) unconstitutional use of prior convictions to increase his sentence; and (9) failure of prior convictions to meet the statutory

**Memorandum Decision and Order - 2**

criteria necessary to increase his sentence to life.  *See Amended § 2255 Motion* (Docket No. 75).

The Government contends that Law is procedurally barred from bringing all but the ineffective assistance of counsel claims.  *See Response* (Docket No. 82). With respect to the ineffective assistance of counsel claims, the Government contends that Law has failed to meet either the deficient performance or prejudice prongs of the *Strickland* test.

### B.    Factual Background

A abbreviated summary of the facts giving rise to the charges in this case is necessary to an understanding of Law's claims.

Two separate incidents, one of which occurred in Butte County and the other in Bannock County, comprise the charges in the Indictment.  In the Butte County incident, Officers Van Etten and Collins initially encountered Law when investigating a report of a vehicle off the road that had been seen driving erratically.  While waiting for a tow truck and questioning Law, the officers' suspicions of drug activity were aroused.  When Law opened the door to the vehicle to retrieve his proof of insurance, Officer Collins detected the smell of marijuana.  Law refused to consent to a search.  Upon consulting with the Butte County prosecutor, the officers were advised to arrest Law for inattentive driving.

**Memorandum Decision and Order - 3**

A subsequent search yielded a quantity of methamphetamine, money, and items associated with drug use and drug distribution.  Law unsuccessfully challenged admission of this evidence on the grounds that the search was made pursuant to an illegal arrest for an unobserved misdemeanor traffic offense rather than pursuant to probable cause based on the smell of marijuana.

In the Bannock County incident four months later, detectives responded to a report of suspicious activity by a motel clerk.  Believing Law was involved in drug activity, they instructed a patrol officer to follow Law and make a traffic stop if justified.  During a subsequent traffic stop, a police dog handler, who had arrived on the scene earlier, had his dog to perform a sniff search of the outside of the vehicle.  The dog alerted and indicated on portions of the vehicle.  A subsequent search revealed a quantity of drugs in the vehicle.  Additional drugs were seized from the motel room.  Law unsuccessfully challenged admission of this evidence on the grounds that the routine traffic stop was illegally extended to allow the officer to arrive with the police dog handler to perform the sniff search.

### C.   Standards of Law

#### 1.   Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

If the Court does not summarily dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994).   The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and

**Memorandum Decision and Order - 5**

an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules

Governing Section 2254 Proceedings incorporated by reference into the Advisory

Committee Notes following Rule 8 of the Rules Governing Section 2255

Proceedings. If the Court does not dismiss the proceeding, the Court then proceeds

to a determination under Rule 8 of whether an evidentiary hearing is required.

### 2.    Ineffective Assistance of Counsel Standard

A defendant is entitled to effective assistance of counsel at the plea and

sentencing stages of a criminal prosecution as well as at trial.  *United States v.*

*Leonti,* 326 F.3d 1111, 1116-17 (9th Cir. 2003).  In fact, a defendant is entitled to

counsel at all "critical stages" of the criminal process.  *Id.*

The well-established two-prong test for evaluating ineffective assistance of

counsel claims is deficient performance and resulting prejudice.   *See Strickland v.*

*Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective

assistance of counsel claim, a defendant must show that counsel's performance

"fell below an objective standard of reasonableness" and that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id.* at 688, 697.  *See also Bell v. Cone*, 535

U.S. 685, 695 (2002).  Mere conclusory allegations are insufficient to state a claim

of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156,

1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689.

A court must evaluate the reasonableness of defense counsel's representation based on the particular facts of the case and evaluate the challenged conduct from counsel's perspective at the time of the alleged omission. *Id*. at 689-90. Furthermore, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' (citation omitted.)" *Id*. at 690. Defense counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*.

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the

**Memorandum Decision and Order - 7**

result of the proceeding would have been different.  *Id.* at 694.  This standard is "highly demanding." *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).  In assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Id.* at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

### D.    Discussion

In his Amended Motion, Law stated that he did not raise the issues of his first, second, third, fifth, and sixth claims on direct appeal because his attorney told him they could only be brought in a § 2255 proceeding.  *Amended § 2255 Motion*, ¶ 18.  It appears from the record that Law did, in fact, raise the first and second claims on direct appeal.  However, the record indicates that Law did not raise the remainder of the claims on direct appeal.

A defendant collaterally attacking his conviction or sentence procedurally defaults his claims by not raising them on direct appeal unless he can show cause and prejudice for failing to do so or actual innocence.  *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003), *cert. denied,* 543 U.S. 853 (2004) (citing

*Bousley v. United States*, 523 U.S. 614, 622 (1988)).  Indeed, collateral review "is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 322 U.S. 174, 178 (1947)).   Similarly, collateral review is not available for claims raised and rejected on direct review.  *Reed*, 512 U.S. at 358 (Scalia, J., concurring in part and concurring in the judgment); *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J. concurring in part and dissenting in part) ("absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal").  *See also United States v. Reed*, 759 F.2d 699, 701 (9th Cir. 1985) (citing *Egger v. United States*, 509 F.2d 745, 748 (9th Cir.), *cert. denied*, 423 U.S. 842 (1975)).  However, claims of ineffective assistance of counsel are not subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500 (2003).  Such claims are more appropriately brought in a § 2255 proceeding than on appeal because they generally require development of a factual record beyond the trial record.  *Id.* at 504-05.

Although it appears that most of Law's claims are procedurally barred, the Court will address each claim in turn, except where they are similar in nature.

### 1.   **Claims Previously Raised on Direct Appeal**

Memorandum Decision and Order - 9

**Claim One: Conviction obtained by use of evidence gained pursuant to unconstitutional search and seizure (Butte and Bannock Counties).**

**Claim Two: Conviction obtained by use of evidence obtained pursuant to unlawful arrest (Butte County).**

**Claim Four: Insufficient evidence to support conviction for possession of 50 grams or more of methamphetamine with intent to distribute.**

## Claims 1 and 2

Law contends that he was convicted on the basis of evidence seized (1) during an illegal search incident to an illegal arrest in Butte County, and (2) during an unreasonably extended traffic stop in Bannock County based in part on information regarding the drugs seized in the Butte County matter.  The record reflects that Law litigated these issues both at trial and on appeal.  Law filed a Motion to Suppress (Docket No. 10) which this Court denied (Docket No. 30).  On appeal, the Ninth Circuit found that the Court's refusal to suppress the evidence was appropriate.  As stated above, Law's petition for certiorari was denied. Having fully litigated these claims, Law cannot now challenge the evidence again in a collateral proceeding absent "countervailing considerations."

The Court notes that Law's challenge here to the searches and arrests has

been expanded to include attacking the credibility of the testifying officers and questioning the differences in their testimony between this Court and the state court proceedings. Such evidence was not before the Court at the time of the suppression hearing. Nevertheless, the Court finds that the claim is more properly considered as one for ineffective assistance of counsel based on failure to impeach. However, to the extent that he is reasserting his arguments previously submitted to this Court and on direct appeal, Claims 1 and 2 are procedurally barred.

## Claim 4

Law challenges the sufficiency of the evidence regarding the drug quantity. Law claims that the evidence showed he was a "heavy" or "heavy, heavy" user of methamphetamine. He theorizes that if a 10-day personal use supply of even a heavy user of methamphetamine were deducted from the total seized, the resulting quantity would be less that 50 grams. As a result, he would not have been subject to the mandatory life sentence.

Despite Law's claims, the Ninth Circuit determined that a rational jury could have found that Law possessed more than fifty grams of methamphetamine with intent to distribute; that Law was an average as opposed to heavy user of methamphetamine; and that even using Law's assumptions about quantity based upon the low end of the range, a rational jury could have concluded that Law was

**Memorandum Decision and Order - 11**

carrying only a 10-day supply for personal use.  Docket No. 63, p.4.  Again, Law is

merely restating prior arguments.  He has not alleged any countervailing

considerations for asserting this claim again on collateral review.

Because Claims 1, 2, and 4 were raised and rejected on direct appeal, he is

procedurally barred from raising them in this § 2255 proceeding.

### 2. Claims Not Raised on Appeal Allegedly Upon Advice of Counsel

**Claim Three: Unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.**

**Claim Five: Fifth, Sixth, Eighth, and Fourteenth Amendment Constitutional Violations**.

Law alleges that his attorney advised him that these claims had to be raised

in a § 2255 proceeding rather than on appeal.  *See Amended § 2255 Motion*, ¶ 18.

This allegation could be construed as an assertion of cause resulting from

ineffective assistance of counsel.   Ineffective assistance of counsel may constitute

cause for a procedural default.  *See United States v. Skurdal*, 341 F.3d 921, 925

(9th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

### Claim 3

Law alleges that the Government failed to produce reports and affidavits of

probable cause entered into the prior state court proceedings, presumably in the

Butte County case.  Law contends that since the reports and affidavits did not mention the "smell of marijuana," the Butte County search was actually a search incident to arrest rather than a search based on probable cause.

The Court cannot determine from the record whether or not the Government failed to produce an affidavit of probable cause.  However, it is readily apparent from the record that Ms. Sison had received a copy of Officer Collins's report because she so stated at the suppression hearing.  Suppr. Hrg. Tr. 19:5-8.  She was completely aware that in his report Officer Collins stated he "thought" he smelled marijuana.  Officer Collins was extensively questioned by both AUSA Fica and Ms. Sison regarding the apparent discrepancy between that statement and his testimony before this Court that he definitely smelled it.  *See, e.g.,* Suppr. Hrg. Tr. 23-26; 28; 33-34.  Furthermore, Ms. Sison argued that the search was incident to arrest, that the arrest was thrown out (presumably referring to the state court proceeding), and that the Government argued the search was based on probable cause arising from the smell of marijuana to get the case into federal court .  Suppr. Hrg. Tr. 170.

The record also indicates that the Court, in denying the Motion to Suppress, found it was immaterial that the arrest was improper or that the officers' statements indicated that the search was made pursuant to the arrest as long as there was

probable cause to believe that there was contraband in the vehicle. *See Order*, pp. 4-5 (Docket No. 30). This finding was affirmed by the Ninth Circuit.

Because Claim 3 is rebutted by the record and essentially an extension of Law's procedurally barred claims that the evidence from the Butte County arrest should have been suppressed, it is subject to dismissal.

## Claim 5

Law alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when (1) the Government superseded the Indictment to include the enhancement for a mandatory life sentence after he refused to be a "snitch;" (2) the Government's decision to supersede the Indictment was arbitrary and resulted in a disparate sentence; (3) he was penalized for exercising his right to go to trial; (4) he was punished twice for the same crimes when his prior convictions were used to enhance his sentence to life; (5) and his 20-year old prior conviction was used to enhance his sentence.

Law challenges that portion of 21 U.S.C. § 841(b)(1)(A) that mandates a life sentence for individuals convicted under that statute for offenses involving 50 grams or more of methamphetamine who have been convicted of two prior felony drug offenses. As noted by the Supreme Court, "imposition of an enhanced penalty  [under 21 U.S.C. § 841(b)(1)(A)] is not automatic. Such a penalty may

not be imposed unless the Government files an information notifying the defendant in advance of trial . . . that it will rely on that defendant's prior convictions to seek a penalty enhancement.  21 U.S.C. § 851(a)."  *United States v. LaBonte*, 520 U.S. 751, 754 n.1 (1997).  Assuming the Court determines that a defendant meets the requirements of the enhanced sentence, the Court has no discretion but to impose a life sentence.  21 U.S.C.  § 851(d)(1).

Section 841(b)(1)(A) has withstood various constitutional challenges such as those made by Law.  *See, generally*, *United States v. Jensen*, 425 F.3d 698 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1664 (2006) (finding that the mandatory life sentence in 21 U.S.C. § 841(b)(1)(A) does not violate the separation of powers doctrine, due process, or Eighth Amendment).  *See also LaBonte*, 520 U.S. at 762 (rejecting claim of unwarranted sentencing disparity between those who do and those who do not receive notice of statutory enhancement comparing such disparity to the disparity resulting from prosecutorial discretion exercised in deciding in whether and what charges to file against a criminal suspect); *United States v. Van Winrow*, 951 F.2d 1069, 1073 (9th Cir. 1991) (rejecting claim that statute violates equal protection component of the Fifth Amendment by allowing some defendants

**Memorandum Decision and Order - 15**

but not others to avoid mandatory life sentence in exchange for cooperation);[1] *Id.* at 1071(rejecting argument that imposition of statutory life sentence violated due process rights under the Fourteenth Amendment by depriving judge of sentencing discretion); *Id.* (rejecting argument that imposition of statutory life sentence was cruel and unusual punishment in violation of the Eighth Amendment); *Id.* at 1072 (rejecting claim that imposition of statutory life sentence made the presence of defense counsel at sentencing hearing irrelevant thereby violating the Sixth Amendment right to counsel).

The record reflects that as required by 21 U.S.C. § 851, the Government filed an Information prior to trial charging that Law was subject to increased punishment upon conviction for violating 21 U.S.C. § 841(a) and (b)(1)(A) due to his having two prior convictions for felony drug offenses. *See* Docket No. 26. The convictions were identified as (1) a felony conviction for possession of marijuana in the Sixth Judicial District of the State of Idaho on September 23, 1981, and (2) a felony conviction for possession of a controlled substance in the Fourth Judicial District of the State of Idaho on March 3, 1988. Further, the Information gave notice that those two prior felony drug convictions subjected Law to a mandatory

---

[1] *Van Winrow* would also appear to defeat Law's opposite claim that the Government filed the superseding Information in response to his refusal to be a "snitch." Just as there is prosecutorial discretion to allow cooperative defendants to avoid the mandatory life sentence, there is prosecutorial discretion to seek the mandatory life sentence.

**Memorandum Decision and Order - 16**

term of life imprisonment.  The parties subsequently filed a Joint Response to the Court's Inquiry Regarding Findings Affecting Statutory Minimum (Docket No. 31) in which they stipulated that the validity and applicability of the alleged prior felony convictions was to be determined pursuant to 21 U.S.C. § 851(b) and (c).[2]

After conviction but before sentencing, the Court must inquire of a defendant whether he affirms or denies that he has been previously convicted.  21 U.S.C. § 851(b).  A defendant who denies any allegation of prior conviction contained in the Information must file a written response.  21 U.S.C. § 851(c).  However, the validity of any prior conviction that occurred more than five years prior to the filing of the Information cannot be challenged.  21 U.S.C. § 851(e).

While it is not apparent from the record that the Court made a specific § 851(b) inquiry, it is apparent from the record that Law did not file a § 851(c) written response denying the convictions.  Indeed, even in his objections to the Presentence Report and in his Sentencing Memorandum, he did not deny the convictions or argue that they did not constitute felony drug offenses.  *See* Docket

---

[2]  At the close of the suppression hearing at which the implications of *Apprendi* were argued, the Court directed that the parties submit a response on the issue of how the issues of drug quantities and/or prior convictions should be submitted to the fact finder and whether the factfinder should be the Court or the jury.  Suppr. Hrg. Tr. 178-79.

Nos. 52, 53, and 56.  Rather, he merely argued against the constitutionality of the statutorily mandated life sentence in general and against counting the 20-year old conviction in particular.   In any event, Law could not challenge either conviction because they were both well beyond the five-year statute of limitations.[3]

Although the Court may not have strictly complied with the § 851(b) procedure, the Court's error, if any, was not prejudicial because the convictions were over 5 years old.  *See United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992) (finding no reversible error because "[n]either the enhancement statute nor reason requires a trial court to adhere to the rituals of § 851(b)" where § 851(e) precludes challenges to sentences over five years old ) (citations omitted).[4]  Similarly to the defendant in *Fragoso,* Law objected to the presentence report yet never challenged the convictions.

Even where the applicability of prior convictions was contested on other than statute of limitations grounds, it has been held that substantial compliance with § 851's hearing requirement is not necessary where the Court considered

---

[3]  The constitutionality of the statute of limitations provision, § 851(e), has been upheld as being "wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision."  *United States v. Carter*, 270 F.3d 731, 736-37 (8th Cir. 2001).

[4]  The Court is aware of Ninth Circuit authority holding that a sentence is illegal when rendered without compliance with § 851(b).  *See United States v. Garrett*, 565 F.2d 1065 (9th Cir. 1977); *United States v. Hamilton*, 208 F.3d 1165 (9th Cir. 2000).  However, those cases did not appear to involve convictions over five years old.

**Memorandum Decision and Order - 18**

defendant's written submissions and oral argument at the sentencing hearing.  *See United States v. Gamboa*, 439 F.3d 796, 813-14 (8th Cir. 2006) (finding any failure to strictly follow § 851 procedures was harmless error pursuant to Fed. R. Crim. P. 52(a) where defendant received written notice of prior convictions, was permitted to respond in writing, and was given an opportunity to be heard at sentencing).

Finally, Law's contention that his 20-year old sentence should not be used to trigger a life sentence is without merit.  The United States Sentencing Guidelines provide that convictions over fifteen years are not counted in the criminal history calculation.  *See* USSG § 4A1.2(e)(1).  However, the jury's finding that Law possessed 50 grams or more of methamphetamine coupled with his prior convictions for drug felony offenses essentially took the case out of the guidelines.  *See United States v. Orozco-Castillo*, 404 F.3d 1101, 1003 (8th Cir. 2005)(finding "[t]he sentencing guidelines are simply out of this case" where jury found requisite drug amount and defendant had prior felony drug conviction).  There is no such limitation on the age of prior convictions in § 841.

Even if these claims had been raised by counsel at trial or on appeal, they would have been rejected.  Therefore, the Court cannot find cause based on ineffective assistance of counsel.  Accordingly, Claim 5 is subject to dismissal.

**Memorandum Decision and Order - 19**

### 3.     Claim 6: Denial of Effective Assistance of Counsel

Law raises several grounds of ineffective assistance of both trial counsel and appellate counsel.

**<u>Trial Counsel</u>**

Law alleges (1) failure to investigate and challenge the discrepancy in the officers' testimony between state and federal court proceedings in both the Butte County and Bannock County arrests; (2) failure to investigate and call witnesses in the Butte County case who could testify to conversations regarding mistakes made in the arrest that needed to be overcome in order to validate the arrest and seizure of evidence; (3) failure to call the Butte County prosecutor to establish which version of  the officers' testimony was accurate; (4) failure to investigate and impeach Officer Collins' testimony that left the impression that Law got into and out of his vehicle on more than one occasion; and (5) failure to remain in the presentence interview to insure that accurate information was presented.

Law further alleges that trial counsel has stated in writing that if he claimed ineffective assistance of counsel in a § 2255 motion, she would testify on his behalf.  However, Law indicated that "[s]he would know better than myself as to what she would testify."  He attached the last page of a letter written by trial counsel to an unidentified person which reads as follows:

I am not sure what to tell you.  I wish I could give you words of hope.  I feel terribly about Roger.  I really like and respect him and thought him a wonderful person.  What happened to him is a travesty of the criminal justice system.  Even if the jury decided to believe in the government's case, certainly a much shorter sentence would have served whatever justice they wanted to exact.

I don't know if you will share this letter with Roger.  Please give him my best.  If he decides to file a 2255 and claim ineffective assistance of counsel, I will testify on his behalf.

*Amended § 2255 Motion*, Exhibit C.

Addressing the last claim first, the Court finds that it is subject to dismissal because there is no constitutional right to counsel at the presentence interview with the probation officer.  *See United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995) (extending to post-guideline cases the pre-guideline holding that presentence interview is not a critical stage of a non-capital adversary proceeding).  *Id.* at 827. Even if counsel's performance was deficient, because the presentence interview is not a critical stage, there can be no constitutional violation.  *Id.*

A review of Law's remaining allegations of ineffective assistance of trial counsel reveals that several of them overlap and are centered around the common theme of failure to investigate and impeach the credibility of the Butte and Bannock County arresting officers based on differing testimony in state and federal court.  It is unclear from the record why the state court proceedings were dismissed

**Memorandum Decision and Order - 21**

and which officers testified in state court whose testimony could be used for impeachment purposes in federal court.  Furthermore, as stated above, at the suppression hearing, Ms. Sison sought to impeach Officer Collins by emphasizing the discrepancy between his written report that he *thought* he smelled marijuana and his testimony before this Court that he *did* smell it.  However, she did not attempt to do so at trial.  It is entirely possible that she decided after her unsuccessful suppression motion to abandon that line of impeachment for strategic purposes.

In claims for ineffective assistance of counsel for failure to impeach a government witness, courts determine prejudice by considering (1) the strength of the prosecution's case, (2) the effectiveness of the defense absent the impeachment evidence, and (3) the potential impeachment value of the evidence not introduced. *Stephens v. Hall*, 294 F.3d 210, 218 (1st Cir. 2002).  Because the state court testimony, if any, is not available on the record, the Court cannot make a determination of the value, if any, of the alleged impeachment evidence.  Nor can the Court determine whether Ms. Sison had reviewed any state court testimony. Accordingly, the Court may not summarily dismiss the claims that Law's trial counsel provided ineffective assistance.

**Appellate Counsel**

Law alleges that appellate counsel (1) was changed without his knowledge, never spoke with him, and deprived him of providing any input into the appellate briefs and oral argument; (2) made untrue factual statements in the appeal regarding his prior convictions and the basis of the search (presumably the Butte County search); (3) filed the petition for certiorari without his knowledge and failed to notify him of its denial until only six weeks remained to file the § 2255 thereby hampering his ability to file all of his claims.

Law has failed to allege what his proposed input would have entailed or how his input into the appellate briefs and arguments would have resulted in a favorable appeal.[5] He has therefore failed to demonstrate prejudice.

Law claims that counsel stated in the appeal brief that he had a prior conviction for possession with intent to deliver and stated in the certiorari brief that he had a prior trafficking conviction. He contends that he never had a conviction for either intent to deliver or trafficking. The Court notes that the presentence report indicates that his 1987 conviction was for possession of a controlled substance with intent to deliver. *See* PSR ¶ 47.

Whether Law's prior convictions were for mere possession or trafficking is

---

[5]  The Court notes that although the appellate brief was signed by another federal defender, it also bore Ms. Sison's name as an attorney of record. Furthermore, Ms. Sison signed the Reply Brief.

**Memorandum Decision and Order - 23**

irrelevant.  Section 841(b)(1)(A)'s statutorily mandated life sentence applies when there are two or more felony drug offenses.  "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ."  21 U.S.C. § 802(44).  In other words, a felony conviction for mere possession can constitute a predicate offense under the statute.  Therefore, even if counsel had mischaracterized the nature of his prior convictions, Law has failed to demonstrate prejudice.

Law's claim that counsel's incorrect  assertion in her brief that the Butte County officers had decided to search based on probable cause because they had not witnessed Law's driving likewise fails.  Even if the comment were inaccurate, the Ninth Circuit had before it the record and transcripts of the proceedings before this Court.  Indeed, the Ninth Circuit affirmed this Court's Order denying the motion to suppress which set forth the circumstances of the search and arrest. Therefore, Law has failed to demonstrate prejudice.

Finally, Law's allegation that counsel failed to notify him that she was filing a petition for certiorari and failed to notify him of its denial until only six weeks remained within which to file his § 2255 Motion must also fail.  Despite the late notice, and contrary to his assertion that the late notice severely hampered his

ability to make all of his claims, Law did, in fact, file a detailed § 2255 Motion.

He was later granted leave of Court to file an Amended § 2255 Motion that

incorporated three additional claims.  Law has failed to allege what other claims he

would have filed but for the late notice.

Having failed to find prejudice under the *Strickland* test, the Court need not

determine whether appellate counsel provided ineffective assistance.  Nevertheless,

the Court cannot say that these alleged omissions rise to the level of constitutional

violations.  Accordingly, Law's claims of ineffective assistance of appellate

counsel are subject to dismissal.

### 4.    Claim 7: Violation of constitutional rights to a fair trial and due process of law by denial of equal access to witnesses.

Law alleges that two of the Government's witnesses who testified to crimes

they committed either alone or with him were never charged with those crimes.

Assuming they must have been granted immunity, Law alleges that the prosecutor

had unfair and unequal access to witnesses.  He essentially contends that his

inability to offer immunity to potential witnesses who would otherwise testify to

controvert the Government's witnesses was prejudicial to his defense.

Law did not raise this claim either at trial or on direct appeal.  Therefore, he

is barred from raising it in this § 2255 proceeding unless he can demonstrate cause

and prejudice or actual innocence.  He has not alleged that counsel advised him

that this claim could not be raised on direct appeal.  Nor has he alleged any other

grounds that, if proven, would entitle him to proceed with this claim.

Even if the claim were not procedurally barred, however, it would be subject

to dismissal.  Although it is true that neither defendants nor defense counsel can

grant immunity to potential witnesses, defendants may request the government to

grant immunity to potential defense witnesses.  *See United States v. Garner*, 663

F.2d 834 (9th Cir. 1981).  The proper procedure for obtaining immunity for a

defense witness is to ask the government for immunity for that witness.  *Id.* at 840.

If the government refuses the request, the defendant may then petition the court for

a grant of immunity for that witness.  *Id.*

Although a defendant may request a grant of immunity for his witnesses, a

defendant does not have an absolute right to demand immunity for his witnesses:

> To interpret the Fifth and Sixth Amendments as
> conferring on the defendant the power to demand
> immunity for co-defendants, potential co-defendants, or
> others whom the government might in its discretion wish
> to prosecute would unacceptably alter the historic role of
> the Executive Branch in criminal prosecutions. Of
> course, whatever power the government possesses may
> not be exercised in a manner which denies the defendant
> the due process guaranteed by the Fifth Amendment. The
> footnote in *Earl v. United States, supra*, [124
> U.S.App.D.C. 77, 361 F.2d 531 (1966)] on which
> appellant relies heavily says no more than this. The key

**Memorandum Decision and Order - 26**

> question, then, is whether appellant was denied a fair trial
> because of the government's refusal to seek immunity for
> defense witnesses.

*United States v. Alessio*, 528 F.2d 1079, 1082 (9th Cir.), *cert. denied*, 426 U.S. 948

(1976) (finding no due process violation arose from government's refusal to grant

immunity to defense witness, even though it had immunized its own witnesses,

because defense witness's testimony had already been presented through other

witnesses).  *See also United States v. Carman*, 577 F.2d 556, 561 (9th Cir. 1978)

(finding defendant did not demonstrate that evidence favorable to him was actually

suppressed); *Garner*, 663 F.2d at 839 (same).  *Cf. United States v. Lord*, 711 F.2d

887 (9th Cir. 1983) (remanding for evidentiary hearing to determine whether

prosecutor had deliberately caused potential defense witness to refuse to testify and

directing judgment of acquittal if there was a finding of misconduct unless

prosecutor requested court to grant immunity).

Law has not identified any witnesses who would have testified on his behalf,

has not alleged the content of their expected testimony, has not alleged that he

requested the Government to grant immunity to any potential defenses, and has not

alleged that the Government refused any such requests.  Rather, Law simply makes

vague and conclusory allegations that he was denied equal access to witnesses.

Accordingly, even if Claim 7 were not procedurally barred, it would be subject to

**Memorandum Decision and Order - 27**

dismissal.

**5.      Claim 8: Violation of constitutional right to be notified of intent to use prior convictions to enhance sentence and have those prior convictions found by a jury beyond a reasonable doubt.**

**Claim 9: Failure of prior convictions to meet the statutory criteria to increase sentence to life, and failure of have jury find that prior convictions met the statutory criteria.**

Regarding Claim 8, as previously discussed and contrary to Law's assertion, the Government did notify him of its intent to use his prior convictions to enhance his sentence.  Law also contends that his prior convictions should have been found by a jury beyond a reasonable doubt.  In related Claim 9, Law contends that his sentence is illegal because his prior convictions did not meet the statutory criteria necessary to increase his sentence to life.  He further contends that even if they did, those facts must be proven by a jury beyond a reasonable doubt.  Read in conjunction with Law's Motion for Appointment of Counsel (Docket No. 76), the Court construes these claims as claims under the *Apprendi-Blakely-Booker* line of cases.[6]

**Claim 8 – Fact of Prior Convictions**

---

[6] Law did raise an *Apprendi* claim before this Court at sentencing pertaining to drug quantities attributed to him in the Presentence Report based on relevant conduct.  However, relevant conduct became moot because Law's sentence was a statutory as opposed to a guideline sentence.  The jury did make the necessary drug quantity finding for the statutory sentence.

**Memorandum Decision and Order - 28**

Law did not raise an *Apprendi* claim on appeal regarding the prior convictions.  Therefore, he is barred from raising the issue in this § 2255 proceeding unless he can demonstrate cause and prejudice or actual innocence.  He has not alleged that counsel advised him that this claim could not be raised on direct appeal.  Nor has he alleged any other grounds that, if proven, would entitle him to proceed with this claim.

Even if this claim were not procedurally barred, it would be subject to dismissal.  At the time of Law's sentencing, the Supreme Court had held that, *other than the fact of a prior conviction*, any fact that increases a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) (emphasis added).  The statutory maximum was a life sentence.

This prior conviction exception was carried over in *Blakely* and *Booker.  See Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).[7]  Furthermore, there are "no viable *Booker* issues" when sentence is

---

[7]  Even if Law were challenging something other than prior convictions, *Blakely* and *Booker* would be inapplicable.  Law's conviction became final on April 21, 2004,  prior to the publication of the  *Blakely* and *Booker* decisions.  The Ninth Circuit has held that *Booker* "does not apply retroactively to convictions that became final prior to its publication."  *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (citations omitted).  *See also Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that *Blakely* does not apply retroactively to cases on § 2254 collateral review).

**Memorandum Decision and Order - 29**

statutorily mandated rather than imposed under the guidelines. *See Gamboa*, 439 F.3d 796, 818 (8th Cir. 2006).   Accordingly, Claim 8 is subject to dismissal.

## Claim 9 – Prior Conviction Criteria

In support of Claim 9, Law contends that a jury was required to find that his convictions met the statutory criteria to increase his sentence.  He contends that those criteria are that the convictions must either be "2 prior violent convictions, or 1 prior violent conviction and 1 prior serious drug felony."  He further contends that he has never been convicted of any prior crime of violence or any prior serious drug felony.  Again, Law's claim must fail.  The statute does not require proof to a jury or that the prior convictions involve either a crime of violence or a serious drug felony.  Rather, the statute refers merely to a "felony drug offense," which is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ."  21 U.S.C. § 802(44).  Law himself admits in his Amended § 2255 Motion that his prior convictions were for felony drug offenses. *See Amended § 2255 Motion*, Claim 9, ¶¶ 6, 9.  Accordingly, Claim 9 is subject to dismissal.

## CONCLUSION

Except for his ineffective assistance of counsel claims, all of Law's claims

are procedurally barred.  Because he has not demonstrated cause and prejudice or actual innocence, Law is precluded from proceeding with these claims.

With regard to his ineffective assistance of counsel claims, Law has failed to demonstrate prejudice resulting from appellate counsel's performance.  With regard to his claims against trial counsel, the Court cannot make a determination on deficient performance or prejudice without reviewing any testimony of the Butte or Bannock County officers in state court proceedings.  Therefore, pursuant to Rule 7 of the Rules Governing § 2255 Proceedings, the Court will direct the Government to produce for the Court's review, copies of any available transcripts.  Also pursuant to Rule 7, out of an abundance of caution based on trial counsel's letter, the Court will make a limited inquiry to determine her proposed testimony on Law's behalf before summarily dismissing this claim.

Because he has raised ineffective assistance of counsel claims and submitted a portion of counsel's letter indicating that she will testify on his behalf in any § 2255 proceeding, Law has impliedly waived his right to assert the attorney-client privilege with respect to the issues.  *See United States v. Amlani,* 169 F.3d 1189, 1194 (9th Cir. 1999).   Accordingly, the Court will order that an affidavit of Ms. Sison be obtained by the Government addressing the issues referred to in her letter. The Court will not appoint counsel for Law at this time pending review of that

**Memorandum Decision and Order - 31**

affidavit and any transcripts of relevant state court proceedings.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Claims 1, 2, 3, 4, 5, 7, 8, and 9 of Law's Amended § 2255 Motion (Docket No. 75) are DISMISSED.

IT IS FURTHER HEREBY ORDERED that the Government provide to the Court copies of the transcripts of any Butte County or Bannock County proceedings involving the charges in the Indictment as described above.

IT IS FURTHER HEREBY ORDERED that the Government contact Ms. Fredilyn Sison and obtain an affidavit from her responding to Law's allegations of ineffective assistance of counsel and the substance of any testimony contemplated by the letter attached as Exhibit C to Law's Amended § 2255 Motion.  Said affidavit shall be filed within thirty (30) days from the date of this Order.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court serve a copy

of this Order on Ms. Sison.

DATED:  **August 25, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 33**